## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                        Case No.  6:13-cr-212-Orl-28GJK

TODD LESLIE KROEBER

_____

## ORDER

Todd Leslie Kroeber has been charged in a ten-count Superseding Indictment (Doc. 29) with offenses involving sexual exploitation and coercion of minors.  Kroeber has filed a Motion to Dismiss Counts 1 through 8 of the Superseding Indictment (Doc. 32), arguing that venue is not proper in the Middle District of Florida as to those counts.[1]  As an alternative to dismissal, Kroeber asks that Counts 1 through 8 be transferred to the Southern District of Florida.  Having considered Kroeber's motion, the Government's Response (Doc. 38), and applicable law, I conclude that venue is proper in this district and that Kroeber's motion must be denied in both respects.

### I. Background

The parties appear to agree on the events that form the basis of the charges in the Superseding Indictment.[2]   Kroeber allegedly responded to an online computer advertisement, and online he met an undercover agent posing as a 19-year-old who was

_____

[1]In his motion, Kroeber does not challenge Count 9 or Count 10.

[2]The Background section has been compiled from Kroeber's motion and the Government's response.

seeking "help" with his 14-year-old brother.  At the time, Kroeber was sexually involved with a 17-year-old boy, S.W., who arranged to meet with the fictitious 19-year-old and his fictitious 14-year-old brother in Brevard County, which is located in the Middle District of Florida.  Kroeber drove S.W. to the meeting point in Brevard County from St. Lucie County, which is located in the Southern District of Florida.

Kroeber was arrested and a search warrant was obtained for his cellular telephone, which he had brought with him to Brevard County from St. Lucie County.  The cellular telephone contained images of Kroeber and S.W. and another minor engaged in sexual activity.  A search warrant was also obtained for Kroeber's home in St. Lucie County.  A search of the home revealed a surveillance system, videotapes, and a computer containing movies showing Kroeber having sex with two teenage boys.  Still images taken from the movies were the images that were found on Kroeber's cellular telephone.

In Counts 1, 3, 5, and 7 of the Superseding Indictment, Kroeber is charged with sexual exploitation of children in violation of 18 U.S.C. § 2251(a), and in Counts 2, 4, 6, and 8, Kroeber is charged with committing the felony offense charged in the respective preceding counts while a sex offender, in violation of 18 U.S.C. § 2260A.  Section 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials

> that have been mailed, shipped, or transported in or affecting
> interstate or foreign commerce by any means, including by
> computer, or if such visual depiction has actually been
> transported or transmitted using any means or facility of
> interstate or foreign commerce or in or affecting interstate or
> foreign commerce or mailed.

The "visual depictions" on which Counts 1, 3, 5, and 7 are based are the photographs on Kroeber's cellphone—photographs that were taken of the movies that were found at, and apparently made at, Kroeber's St. Lucie County home.

Kroeber argues that venue is not appropriate in this district for Counts 1 through 8 because the crimes charged in these counts were complete when the visual depictions were produced in St. Lucie County, which is in the Southern District of Florida rather than this district. The Government, on the other hand, argues that the crimes were not complete until transportation of the images occurred.

II. Discussion

"[A] criminal defendant has a right to have his case adjudicated in the appropriate venue, i.e., in the state and district where the crime or crimes with which he has been charged were committed." United States v. Kapordelis, 569 F.3d 1291, 1307 (11th Cir. 2009). "Where a crime 'involv[es] the use of the mails, transportation in interstate or foreign commerce, or the importation of an object of person into the United States,' the offense is a 'continuing crime,' i.e., one which begins in one district and is completed in another." Id. (alteration in original) (quoting 18 U.S.C. § 3237(a)). "In such instances, venue is proper in any district in which the offense was started, continued, or completed." Id.

The Court of Appeals for the Eleventh Circuit has explained that "[t]he most natural

reading of [§ 2251(a)] is that jurisdiction extends to child pornography (1) produced with the intent that it eventually travel in interstate commerce; (2) produced with materials that have traveled in interstate commerce; or (3) that has traveled in interstate commerce." United States v. Smith, 459 F.3d 1276, 1289 (11th Cir. 2006). Thus, there are three alternative ways in which the statute's commerce prong can be satisfied. In the Superseding Indictment against Kroeber, the Government alleges the second and third of the three commerce alternatives but not the first. Kroeber's argument that the crimes were completed in St. Lucie County pertains to the second alternative, while the Government's position is germane to the third.

A § 2251(a) offense is a "continuing offense" and, at least with regard to the third commerce alternative, venue in the Middle District of Florida—into which the visual depictions were transported by Kroeber on his cellular telephone—is appropriate. See Kapordelis, 569 F.3d at 1308 ("Venue in the Northern District of Georgia[,] into which the images . . . moved, was appropriate . . . ."); see also United States v. Engle, 677 F. Supp. 2d 879, 886-87 (E.D. Va. 2009) (citing Kapordelis and noting that a § 2251(a) offense "can be prosecuted in any district into which the visual depiction of child pornography moves"). Thus, Counts 1, 3, 5, and 7 of the Superseding Indictment allege at least one way of violating § 2251(a) as to which venue in this district is proper. The fact that another, alternative way of violating the statute is also charged in these counts—a way in which the crimes might have been completed in another district regardless of later transportation of the images—does not render venue in this district improper.

Accordingly, it is **ORDERED** that the Motion to Dismiss Counts 1 through 8 of the

Superseding Indictment (Doc. 32) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on this _30_ day of December, 2013.

                                            JOHN ANTOON II
                                          United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
TODD LESLIE KROEBER