UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                                    Case No. 6:13-cr-212-Orl-28GJK

TODD LESLIE KROEBER

ORDER

This cause is before the Court on the "Petition for Remission or Mitigation of Forfeiture of Property" (Doc. 88) filed by Defendant and the Response (Doc. 94) filed by the Government.

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Where, as here, a property owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). "[I]n order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands." Id.

Defendant seeks the return of numerous items of property that were seized pursuant to a search warrant. The Government responds that many of the seized items may properly be returned to Defendant but that three items—a cellular telephone, a digital video recorder, and a Dell computer—cannot and should not be returned because they either contained child pornography or were used to facilitate Defendant's attempt to engage a minor in illicit sexual conduct. The Government's assertion is supported by the Plea Agreement (Doc. 51),

and there is no factual issue on which evidence must be received, see Fed. R. Crim. P. 41(g) (providing that "[t]he court must receive evidence on any factual issue necessary to decide the motion"). Because Defendant has unclean hands with respect to these three items, his motion must be denied with regard to them. See United States v. Mooney, 581 F. App'x 831, 832 (11th Cir. 2014).

Accordingly, it is **ORDERED** as follows:

1. The "Petition for Remission or Mitigation of Forfeiture of Property" (Doc. 88) filed by Defendant is **GRANTED in part** and **DENIED in part**.

2. The motion is **DENIED** with regard to:

    - LG cellular telephone, model #LGMS840, serial #203KPQJ0308220;
    - Swann DVR4-SecuraNet Digital Video Recorder, serial #SW242-4SN; and
    - Dell computer, model #P02E, serial #28197435673.

These items shall not be returned to Defendant.

3. The motion is **GRANTED** with regard to:

    - Dell laptop model PP41L (1B1);
    - three thumb drives—Sandisk Cruzer 16GB, Sandisk Cruzer 4GB, and HP 16 GB—and two SD cards—Sandisk with adapter and PNY 4 GB Optima (1B3);
    - Gateway laptop with black case (1B4);
    - four photo disks (1B5);
    - one fire alarm with built in camera from ceiling (1B6);

- two fire alarms with built in camera (1B7);
- Motorola cell phone Verizon (1B9);
- pen camera and small metal box with pen camera software (1B 10);
- four VHS tapes with plastic bag (1B 11); and
- brown address book (1B 12)

These items shall be returned to Defendant or his designee **within thirty days** from the date of this Order. **Within five days** of return of the items, the Government shall file a notice with the Court certifying that these items have been returned to Defendant or his designee.

**DONE** and **ORDERED** in Orlando, Florida on this ___15___ day of March, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Todd Leslie Kroeber