UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 6:13-cr-212-JA-G_JK**

**TODD LESLIE KROEBER,**

**Defendant.**

---

## ORDER

Defendant filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), (Doc. 116), supported by the arguments made in his Proposed Release Plan (Doc. 117). The Government responded in opposition. (Doc. 120). For the reasons provided below, as well those stated as in the Government's Opposition, Defendant's Motion to Reduce Sentence under Compassionate Release must be denied.

A district court may only modify a sentence "when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 97, 606 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582(c)(1)(A), which permits courts to reduce a defendant's sentence if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. *United States v. Tinker*,

14 F.4th 1234, 1237–38 (11th Cir. 2021). The applicable policy statements are contained in § 1B1.13 of the United States Sentencing Guidelines, which defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A). *Id.* The Guidelines provide examples of circumstances that constitute "extraordinary and compelling reasons[,]" such as the medical circumstances of the defendant, the defendant's advanced age plus length of term already served, or abuse of the defendant by someone with custody of the defendant. U.S.S.G. § 1B1.13(b)(1). There is also a catch-all provision that provides that "other circumstance[s]" can qualify as extraordinary and compelling reasons, but those circumstances must be similar in gravity to the examples provided in the Guidelines. U.S.S.G. § 1B1.13(b)(5). Additionally, in U.S.S.G. § 1B1.13(d), the Sentencing Commission notes that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of" § 1B1.13.

Kroeber cites the catch-all provision in U.S.S.G. § 1B1.13(b)(5) as the basis for his motion, and he properly exhausted his administrative remedies. (Doc. 116 at 5; Doc. 120 at 5). Kroeber's sole argument is that his sentence should be reduced because of his good conduct and rehabilitation since being incarcerated. (Doc. 117 at 8). But good behavior does not qualify as an extraordinary and compelling reason warranting a sentence reduction. *See, e.g., United States v.*

*Ruano*, No. 19-cr-20026-RAR, 2023 WL 7109729, at *5 (S.D. Fla. Oct. 28, 2023). Even assuming that his good behavior while in prison is sufficient evidence of rehabilitation, rehabilitation alone is not sufficient for this Court to grant compassionate release. U.S.S.G. § 1B1.13(d).

The only additional consideration Kroeber offers alongside his evidence of rehabilitation is the suggestion that his good behavior since being incarcerated implies that he has a low risk of recidivism. (Doc. 117 at 8). While Kroeber has conducted himself well while in prison, he has offered no evidence to support an inference that his in-prison conduct lowers the risk of recidivism or otherwise mitigates the serious dangers his conduct poses to the community. As explained in the Government's Opposition, there are compelling reasons to be concerned about Kroeber's risk of recidivism and the corresponding dangers posed to the community by his release. (Doc. 120 at 7). The seriousness of his crimes, particularly with respect to the dangers posed to minors, is the reason this Court imposed the sentence Kroeber now asks to be reduced. (*See* Doc. 84 at 106). And given his criminal history, the behavior and programs Kroeber has engaged in while in prison do not diminish this Court's concerns regarding the risk of recidivism when he is released. In any event, evidence of rehabilitation alone does not constitute an extraordinary and compelling reason warranting a

reduction in his sentence. Defendant has therefore not met his burden under § 3582(c)(1)(A)(i).

Because Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the 18 U.S.C. § 3553(a) factors.

For the reasons explained above, it is **ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 116) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 12, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Todd Leslie Kroeber